# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 07-167

JOE W. KING, ET AL.

VERSUS

I. E. MILLER OF EUNICE, INC., ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-3459
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

## GLENN B. GREMILLION
## JUDGE

**********

Court composed of U. Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Marc T. Amy, Glenn B. Gremillion, and James T. Genovese, Judges.

Thibodeaux, C.J., dissents
Cooks, J., dissents.

**JUDGMENT VACATED; REMANDED.**

D. Keith Wall
Marcantel & Marcantel
P. O. Box 1366
Jennings, LA 70546
(337) 824-7380
Counsel for Plaintiffs/Appellees:
    Joe W. King
    Janice King

**Richard J. Guidry**
**1580 LL&E Tower**
**909 Poydras St.**
**New Orleans, LA 70112**
**(504) 588-1580**
**Counsel for Plaintiffs/Appellees:**
  **Joe W. King**
  **Janice King**

**Terry Thibodeaux, L.L.C.**
**Frohn & Thibodeaux**
**P. O. Box 2090**
**Lake Charles, LA 70602-2090**
**(337) 433-5523**
**Counsel for Defendants/Appellants:**
  **American Home Assurance Company**
  **I. E. Miller of Eunice, Inc.**

**James D. Hollier**
**Jennie P. Pellegrin**
**Laborde & Neuner**
**P. O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Intervenors/Appellees:**
  **Grey Wolf Drilling Company, L.P.**
  **Insurance of Wausau**

GREMILLION, Judge.

The third-party plaintiff, I. E. Miller of Eunice, Inc., appeals the judgment of the trial court denying its motion for summary judgment and granting summary judgment in favor of the third-party defendant, Grey Wolf Drilling Company, L.P. An employee of Grey Wolf was injured as a result of the negligence of I.E. Miller's employees. I.E. Miller sought indemnification from Grey Wolf pursuant to an indemnification clause contained in the master service agreement between the two parties. In granting judgment in favor of Grey Wolf, the trial court held that the Louisiana Oilfield Anti-Indemnity Act voided the indemnity agreement and dismissed I.E. Miller's claims against it with prejudice. We vacate and remand.

**FACTS**

Joe King, a tool pusher for Grey Wolf, suffered serious injuries when he became pinned between two generators which were being moved by I.E. Miller's employees. Thereafter, King and his wife, Janice, filed suit against I.E. Miller and its insurer. Grey Wolf intervened in the suit to recover workers' compensation benefits paid to King as a result of his work-related accident. Thereafter, I.E. Miller filed a third-party demand against Grey Wolf seeking indemnity and defense from it pursuant to a reciprocal indemnity agreement contained in the master service agreement existing between them. In response, Grey Wolf affirmatively argued that the indemnity agreement at issue was unenforceable pursuant to the Louisiana Oilfield Anti-Indemnity Act, as set out in La.R.S. 9:2780. I.E. Miller then filed a motion for summary judgment to have Grey Wolf's affirmative defense stricken as the master service agreement contained a choice of law provision which applied

1

Texas law to any issue arising under the contract. Although not in the record, the trial court denied the motion. I.E. Miller sought supervisory writs from this court, but was denied. *See unpublished writ King v. I.E. Miller of Euncie, Inc.*, 05-1258 (La.App. 3 Cir. 1/30/06).

Grey Wolf filed a motion for summary judgment seeking to have the indemnity clause voided pursuant to La.R.S. 9:2780. I.E. Miller again filed a motion for summary judgment arguing that it was entitled to a defense and indemnity as provided by the agreement. Following a hearing on the motions, the trial court took the matter under advisement. Thereafter, it rendered judgment granting summary judgment in favor of Grey Wolf and denying the same in favor of I.E. Miller. The trial court then dismissed I.E. Miller's claims against Grey Wolf with prejudice. This appeal by I.E. Miller followed.

## ISSUES

On appeal, I.E. Miller argues that the trial court erred in failing to find that Texas law applied in this matter and, as a result, that it was entitled to a defense and indemnity from Grey Wolf pursuant to the indemnity provision found in the master service agreement.

## SUMMARY JUDGMENT

It is well settled that an appellate court performs a de novo review of the record on the appeal of a trial court's grant of summary judgment. Pursuant to La.Code Civ.P. art. 966(B), summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that

2

mover is entitled to judgment as a matter of law."

## CONFLICT OF LAWS

The conflict of law provisions pertinent to the resolution of this issue are found in La.Civ.Code arts. 3540, 3537, and 3515. Initially, Article 3540 provides: "All other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537." Article 3537 provides:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

As indicated in the comments to Article 3537, this article is intended to be read in conjunction with La.Civ.Code art. 3515, which provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of

3

minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Comment (b) to Article 3515 explains that:

The objective is to identify "the state whose policies would be most seriously impaired if its law were not applied to that [particular] issue", that is, the state which, in light of its relationship to the parties and the dispute and its policies rendered pertinent by that relationship, would bear the most serious legal, social, economic, and other consequences if its law were not applied to that issue.

(Alteration in original). *See Harrison v. R.R. Morrison & Son, Inc.*, 37,992 (La.App. 2 Cir. 12/10/03), 862 So.2d 1065, *writ denied*, 04-0101 (La. 3/19/04), 869 So.2d 857, and *Roberts v. Energy Dev. Corp.*, 235 F.3d 935 (5th Cir. 2000).

In this instance, two policies are in conflict: (1) the policy of upholding contracts freely and voluntarily entered into by the parties, and (2) Louisiana's stated public policy against indemnity and defense provisions in oilfield contracts.[1] We will evaluate these two policies in light of Articles 3537 and 3515.

The following facts are evident after a review of the evidence. I.E. Miller is a domiciliary of Louisiana; Grey Wolf, for the purposes of this issue, is a domiciliary of Texas, although it also has offices in Louisiana and Wyoming.

---

[1]La.R.S. 9:2780(A) provides:

The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in some agreements pertaining to wells for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, to the extent those provisions apply to death or bodily injury to persons. It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.

La.Civ.Code art. 3517. The basic form of the master service agreement was drafted by Grey Wolf in Texas, and then sent to I.E. Miller in Louisiana. I.E. Miller amended in part and signed the agreement in Louisiana and then sent it back to Grey Wolf in Texas. Grey Wolf then approved the agreement and signed it. The parties anticipated that work under the agreement would take place in Texas, Louisiana, Mississippi, and Alabama. A verbal work order was issued by Grey Wolf's Eunice office which contemplated work to be performed only in Louisiana. The work order required I.E. Miller to move a drilling rig located at the Holland #1 Lease, Well 50093, to Richard #2 Lease, Well 50133, all of which took place in Calcasieu Parish. The accident at issue occurred in Louisiana, which caused the resultant injury to a Louisiana resident. During the interim between the contract date and the accident, 30.17% of the work between the parties occurred in Louisiana, 51.78% occurred in Texas, 17.03% occurred in Texas and Louisiana, and the remaining 1% occurred outside Texas and Louisiana.[2] In light of this evidence, we find that the relationship of Louisiana is stronger to each party than the relationship of Texas to each party.

However, in examining the policy considerations laid out by Article 3537, we find that the facts weigh in favor of applying Texas law. The master service agreement was drawn up by Grey Wolf and, although I.E. Miller amended other language found in the agreement, the Texas choice of law provision was accepted by it. Thus, we find that I.E. Miller would justifiably expect to be subjected to the law of Texas and would suffer minimal adverse consequences if subjected to that state's

---

[2] The trial court did not give much weight to this evidence, which was presented in an affidavit by C. Malcolm Gordon, vice-president of operations for I.E. Miller. We, also, do not give much weight to this information.

law.

Moreover, the weighing of the policy considerations set out in Article 3515 tips the scale in favor of applying Texas law to the instant matter. The Louisiana Oilfield Anti-Indemnity Act was enacted to protect Louisiana subcontractors from the imposition of an inequity foisted on them in oilfield contracts by larger entities. Grey Wolf does not fit within that category of entities the Act sought to protect. Rather, Grey Wolf is the "wolf" from which subcontractors were intended to be protected. Thus, Texas' policy of upholding contracts which are freely and voluntarily entered into far outweighs Louisiana's policy of protecting oilfield subcontractors. Additionally, we find that a greater imposition would be placed on I.E. Miller if we apply Louisiana law as it has already provided indemnity and defense to Grey Wolf upon its request in an unrelated suit in Louisiana, i.e., the *Villier* case.

Thus, in applying Articles 3537 and 3515, we find that the law of Texas would apply in the absence of the choice of law provision found in the master service agreement. Since Texas law would apply in either case, we find that the trial court wrongly voided the mutual indemnity and defense provision contained therein. The judgment of the trial court granting summary judgment in favor of Grey Wolf is vacated, and we remand the matter for further proceedings pursuant to this opinion.

**CONCLUSION**

For the foregoing reasons, the trial court's grant of summary judgment in favor of Grey Wolf Drilling Company, L. P., is vacated and we remand the matter for further proceedings. The costs of this appeal are assessed to the third-party

6

defendant, Grey Wolf Drilling Company, L. P.

**JUDGMENT VACATED; REMANDED.**