

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00096-CV

_____


SONAT EXPLORATION COMPANY, Appellant

V.

CUDD PRESSURE CONTROL, INC., Appellee


On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 99-0199-A


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

## I.        Background and Procedural Posture

After a lengthy journey through the appellate courts, this case has found its way back to our Court.   The facts of the underlying accident and indemnity dispute were summarized in the Texas Supreme Court decision that remanded this matter to the trial court.   *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228 (Tex. 2008).

Sonat Exploration Company and Cudd Pressure Control, Inc., were parties to a Master Service Agreement (MSA) that governed oil field services Cudd performed for Sonat.   The Contract required each company to indemnify the other for claims by their respective employees.   In October 1998, four Cudd employees, along with three other workers, were killed while working on one of Sonat's wells in Louisiana.   When the families of the Cudd employees sued Sonat in Texas, Cudd refused Sonat's indemnity demand.

Sonat settled the wrongful death claims and sued Cudd for indemnity under the MSA. The trial court ruled on cross-motions that the indemnity provision was enforceable under Texas law.   Because Cudd contested the reasonableness of the settlements, that issue went to trial.   The jury determined that Sonat's reasonable damages were $20.7 million.   That jury award, together with stipulated attorney's fees and judicial interest, was reflected in the 2001 judgment entered by the trial court.

Cudd appealed the 2001 judgment.  During the course of the appeal, Cudd and Sonat entered into a Rule 11 agreement in October 2003 whereby Cudd "will not appeal the trial court's ruling that Texas law applies to the Master Service Agreement . . . and, in the event of remand, will not contend that any other state's laws apply to the MSA . . . ."  Also in accordance with the agreement, Sonat would dismiss with prejudice a separate suit against Cudd alleging the breach of an insurance procurement provision in the Contract.

While the Cudd/Sonat indemnity dispute was still on appeal here, Lumbermens Mutual Casualty Company (Cudd's excess liability carrier) filed a motion to intervene on appeal in order to raise the choice of law issue.  This Court denied Lumbermens' motion to intervene.  The Texas Supreme Court permitted the intervention after Lumbermens filed a petition for writ of mandamus "to raise on appeal the choice-of-law issue its insured abandoned . . . ."  *In re Lumbermens Mut. Cas. Co*., 184 S.W.3d 718, 729 (Tex. 2006).

Lumbermens' intervention raised the choice of law issue, but Cudd avoided raising the issue as required by its Rule 11 agreement with Sonat.  This Court then reversed the district court's judgment and held that Louisiana law applied to the MSA as urged by Lumbermens.  *Cudd Pressure Control*, *Inc. v. Sonat Exploration Co*., 202 S.W.3d 901, 910 (Tex. App.—Texarkana 2006).   The Texas Supreme Court affirmed this Court's choice of law holding.  *Sonat Exploration Co.*, 271 S.W.3d at 236.   The Texas Supreme Court then remanded the indemnity dispute to the trial court "for further proceedings applying Louisiana law."   *Id*. at 238.

After remand, Cudd filed its second amended answer in May 2009. Sonat claims this amended answer amounts to a withdrawal of Cudd's earlier affirmative defense (filed prior to the Rule 11 agreement) that "Louisiana's Oilfield Anti-Indemnity Statute bars Sonat's Indemnity claims." According to Sonat, Cudd's second amended answer makes no mention of "that affirmative defense under Louisiana law,"[1] and claims the legal significance of this amended answer is central to this appeal.

After filing its second amended answer, Cudd filed a motion for summary judgment in July 2009, contending, among other things, that Sonat's negligence in causing the oil field blowout barred its indemnity claim under the LOAIA. In September 2009, Cudd filed its third amended answer, which included this additional affirmative defense: "Cudd pleads the effects of the applicable oilfield anti-indemnity statute as determined by the Texas Supreme Court."[2] In October 2009, the trial court denied Cudd's motion for summary judgment.[3]

---

[1]In its first amended original answer, Cudd alleged, *inter alia*, the following affirmative defense: "Louisiana's Oilfield Anti-Indemnity Statute bars Sonat's Indemnity claims." In its second amended answer, filed after remand and Sonat's stipulation of "some fault" in causing the blowout, Cudd did not claim the Louisiana Oilfield Anti-Indemnity Act (LOAIA) barred Sonat's claim in that precise language, but alleged a very similar affirmative defense: "Sonat's fault caused and/or contributed to the blowout and/or injuries and, thus, Sonat is precluded from seeking indemnity."

[2]Ostensibly, Cudd did not specifically name the LOAIA due to the Rule 11 agreement, in which Cudd pledged that on remand, it would not contend that the law of any state other than Texas applied to its contract with Sonat.

[3]While there is no record of this hearing, the parties imply the trial court was concerned about fact issues relating to Sonat's negligence.

4

Then, in January 2010, Lumbermens filed a petition in intervention which was stricken by the trial court in April of that year.[4] Shortly thereafter, on April 9, Sonat filed a stipulation with the trial court resolving the issue of its negligence: "For purposes of this civil action (Cause No. 99-0199-1) and any associated appeals, Sonat stipulates that it bears some fault relating to the blowout of the Well."[5] Cudd renewed its motion for summary judgment in May 2010, contending that in light of Sonat's stipulation of "some fault" relating to the well blowout, Cudd was entitled to judgment as a matter of law because Sonat's fault barred its indemnity claim under the LOAIA. The motion specifically stated "if Sonat had any fault whatsoever, the Louisiana Oilfield Anti Indemnity Act (LOAIA), La. Rev. Stat. Ann. 9:2780, bars Sonat's claim for indemnity . . . ." Sonat filed a cross-motion for summary judgment on liability and damages.[6] Lumbermens then filed a second petition in intervention along with its supplemental answer in

---

[4]The clerk's record does not reflect an order striking the intervention; however, we have been supplied the reporter's record of the hearing on intervention reflecting the trial court's ruling. In making its ruling, the trial court made the following comments:

> But once it got returned to this trial court level, unless something popped pleading-wise from Cudd that basically threw them again into this position of being out there basically waiting on the train to run over them and everything, I'm not really seeing allowing Lumbermens in as an intervenor.
>
> As long as Cudd is holding up their end of the bargain and basically putting forth all, I guess, necessary defenses to protect Lumbermens, I think this is a two-party matter.

[5]This stipulation was ostensibly filed to forestall the need for a trial on the negligence issue, a necessary determination under the LOAIA.

[6]In this motion, Sonat maintained that the Texas Supreme Court remanded this case "for the application of Louisiana law," not for the application of the LOAIA. Sonat alleged, as it does on appeal, that the LOAIA is an affirmative defense, which must be pled and proved. Sonat maintained that Cudd did not plead the benefits of the Act, as required by Texas procedural rules, and thus waived that affirmative defense under Louisiana law.

5

June.[7]   Shortly thereafter, Sonat filed a second motion to strike Lumbermens' intervention.   This motion was set for hearing on July 1, 2010.   There is no record of a hearing on this motion, and there is no order striking Lumbermens' second petition in intervention.

The trial court entered its order granting renewed summary judgment in favor of Cudd and denying Sonat's cross-motion for summary judgment.   Sonat appeals this judgment.[8]   We affirm the judgment of the trial court.

---

[7]Lumbermens filed its first answer to Sonat's petition in March 2010, before its intervention was stricken in April.   In that first answer, Lumbermens asserted that:

> Pursuant to Rule 94 of the Texas Rules of Civil Procedure, for its First Affirmative Defense, Virtual Defendant Lumbermens asserts against Sonat Exploration Company that the Louisiana Oilfield Anti-Indemnity Act ("LOAIA"), L.S.A.-R.S. 9:2783 *et seq*, forever bars and prohibits each and every claim asserted herein by Sonat Exploration Company against Cudd . . . .

In its supplemental answer (filed after the second intervention) Lumbermens pled:

> For its Supplemental Affirmative Defense, Lumbermens pleads the application of and the statutory protections contained in the Louisiana Oilfield Anti-Indemnity Act ("LOAIA"), L.S.A.-R.S. 9:2783 et seq. completely and forever bar any right to recovery asserted by Sonat Exploration Company under the facts and circumstances before the Court.

[8]The judgment of the trial court provides, in pertinent part:

> [T]he applicable Louisiana Revised Statute § 9:2780(B) entitled "Certain indemnification agreement invalid" which states in particular:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, *is void and unenforceable to the extent it purports to or does provide for defense of indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee*.

The trial court determined that an application of the statute to these facts voided any indemnity between Sonat and Cudd.

6

## II.     Standard of Review

"When both sides move for summary judgment, as they did here, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered." *Gilbert Tex. Constr.*, *L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) (citing *Embrey v. Royal Ins. Co. of Am.*, 22 S.W.3d 414, 415–16 (Tex. 2000)).

## III.     Appellate Issues

On appeal, Sonat claims the trial court erred in granting summary judgment in Cudd's favor because Cudd withdrew the affirmative defense of the LOAIA on remand after the Texas Supreme Court's 2008 ruling.   Sonat further claims the trial court erred in denying Sonat's summary judgment on damages, attorney's fees and judicial interest.   Finally, Sonat contends that Lumbermens was not an intervenor in the proceedings below, and if it was, the trial court erred in failing to strike Lumbermens' second petition in intervention.

### A.     The Trial Court Correctly Applied the LOAIA

Sonat agrees that on remand, both sides wanted the trial court to decide the case on summary judgment by resolving a single issue:   could Cudd take advantage of the LOAIA, which meant Sonat would lose, or had Cudd waived its opportunity to assert the LOAIA, in which case Cudd would lose.   Sonat's argument in the trial court and on appeal is surprisingly straightforward, given the complex history of this litigation.   Sonat simply claims that even

though the Texas Supreme Court determined that Louisiana law applies to this indemnity dispute, the LOAIA is an affirmative defense, which must be pled and proved. Sonat contends that because Cudd failed to plead this affirmative defense, it was not entitled to rely on its provisions to bar Sonat's indemnity claim.

> The indemnity agreement here provides that:
>
> Contractor [i.e., Cudd] agrees to RELEASE, DEFEND, INDEMNIFY and HOLD HARMLESS Company [i.e., Sonat] . . . from and against any and all claims . . . directly or indirectly arising out of or related to bodily injury or death of or damage to property of Contractor . . . in any way, directly or indirectly, arising out of, or related to, the performance or subject matter of this Agreement . . . and expressly including any sole or concurrent negligence, fault or strict liability (of whatever nature or character) of Company . . . .

The Texas Supreme Court determined Louisiana law applies to this indemnity dispute. *Sonat Exploration Co*., 271 S.W.3d at 236. In discussing its decision to remand this case to the trial court, the Texas Supreme Court observed that without a finding of negligence or strict liability on the part of Sonat, the plain terms of Louisiana law do not appear to apply:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is *caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee*, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.
>
> LA. REV. STAT. § 9:2780(B).

*Id.* at 238.

8

Sonat maintains that this anti-indemnity provision is an affirmative defense which must be pled and proved, likening this statute to a comparable Texas statute known as the Texas Oilfield Anti-Indemnity Act. TEX. CIV. PRAC. & REM. CODE §§ 127.001–.008 (Vernon 2011). In support of its assertion that the LOAIA is an affirmative defense that must be raised by an indemnitor, Sonat relies on *Nerco Oil & Gas*, *Inc. v. M.R. Friday*, *Inc*., 816 F. Supp. 429 (W.D. La. 1993). In that case, Nerco, the oil field production unit operator, brought an action for indemnification against its subcontractor, M.R. Friday, Inc., for payments made by Nerco as a result of an explosion at a facility maintained by Friday on behalf of Nerco. Friday asserted that indemnification was prohibited by the LOAIA and filed a motion for summary judgment. After analyzing the application of the Act relative to the underlying facts, the court determined that the Act applied and granted summary judgment in favor of Friday. The question of whether the LOAIA is properly classified as an affirmative defense was not a contested issue; the only comment regarding this issue was this statement that "[t]he defendants have filed an answer asserting defenses, including the frequently litigated Louisiana Oilfield Anti-Indemnity Act." *Id*. at 430.

Sonat also relies on *King v. I.E. Miller of Eunice*, *Inc*., 970 So. 2d 703, 704 (La. App. 3d Cir. 2007) (referring to LOAIA as "affirmative defense"), and *Duet v. Falgout Offshore*, *LLC*, No. 09-3321, 2010 WL 5057340, at *8 (E.D. La. Dec. 3, 2010) (LOAIA does not "automatically apply to invalidate the indemnity agreement" when parties contemplated subsequent trial as part of

9

their settlement agreement to determine liability), in support of its position that the LOAIA is an affirmative defense. While none of these decisions hold that the LOAIA must be pled as an affirmative defense,[9] the LOAIA is treated as an affirmative defense.

Assuming, without deciding, the LOAIA is an affirmative defense which must be pled,[10] we must determine whether the LOAIA was raised in the trial court. Sonat maintains that because Cudd, through its second amended answer, waived the LOAIA due to its failure to assert this affirmative defense, it was reversible error for the trial court to grant Cudd's summary judgment. In response, Cudd contends that (1) it did not waive this defense,[11] and (2) the law of the case controls the application of the LOAIA.

We find that the LOAIA was sufficiently pled by Cudd. The record before this Court contains three answers filed by Cudd in response to Sonat's indemnity claims. Before the Rule 11 agreement, Cudd filed its first amended original answer in 2001. In that answer, Cudd asserted eighteen affirmative defenses, the seventh of which claims that "Louisiana's Oilfield Anti-Indemnity Statute bars Sonat's Indemnity claims." In 2009, Cudd filed its second amended

---

[9]Although not exclusive, Article 1005 of the Louisiana Code of Civil Procedure provides a list of affirmative defenses, which does not specifically include the LOAIA. LA. CODE CIV. PROC. ANN. art. 1005 (West, Westlaw current through 2011), or http://www.legis.state.la.us/lss/lss.asp?doc=111109.

[10]Texas law governs issues of procedure on remand. *See In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 n.2 (Tex. 2010) (law of forum state applies to procedural questions); *Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008) (under conflict of law principles, procedural matters governed by Texas law). Rule 94 of the Texas Rules of Civil Procedure requires that affirmative defenses "shall be set forth affirmatively." TEX. R. CIV. P. 94. Otherwise, those defenses are waived. *Frazier v. Havens*, 102 S.W.3d 406, 411 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (affirmative defenses not pled are waived).

[11]"Any argument that a state's anti-indemnity statute is an affirmative defense which must be pled was disposed of with this [third amended] live pleading."

10

answer, asserting eleven affirmative defenses. The fourth defense so asserted claims that "Sonat's fault caused and/or contributed to the blowout and/or injuries and, thus, Sonat is precluded from seeking indemnity." The second amended answer omitted the claim that "Louisiana's Oilfield Anti-Indemnity Statute bars Sonat's Indemnity claims." As a result of this omission, Sonat claims a waiver of the LOAIA.

Sonat acknowledges the filing of Cudd's third amended answer in 2009, alleging thirteen affirmative defenses. The fourth affirmative defense is restated verbatim as originally asserted in the second amended answer. Cudd's twelfth affirmative defense states that "Cudd pleads the effects of the applicable oilfield anti-indemnity statute as determined by the Texas Supreme Court." Sonat alleges that while the third amended answer pleads the benefit of the Texas Supreme Court's latest decision, it does not claim the benefit of the LOAIA, presumably because the Act is not mentioned by name.[12]

Rule 94 of the Texas Rules of Civil Procedure provides, in part, that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, . . . , payment, release, res judicata, . . . , waiver, and any other matter constituting an avoidance or affirmative defense." TEX. R. CIV. P. 94. It has long been held that the purpose of Rule 94 is to give the opposing party notice of the defensive issues to be tried. *Land Title Co. of Dallas*, *Inc. v. F.M. Stigler*, *Inc*., 609 S.W.2d 754, 756 (Tex. 1980); *In re P.D.D*., 256 S.W.3d 834, 839 (Tex.

---

[12]This Court is well aware that the parties have entered a Rule 11 agreement whereby Cudd agreed not to assert another state's law; however, the inquiry today is simply whether Cudd's pleadings were adequate to present the Louisiana anti-indemnity statutory defense found applicable by the Texas Supreme Court.

App.—Texarkana 2008, no pet.); *UMLIC VP LLC v. T & M Sales & Envtl. Sys.*, *Inc.*, 176 S.W.3d 595, 609 (Tex. App.—Corpus Christi 2005, pet. denied). Moreover, we construe the petition liberally in favor of the pleader. *UMLIC VP LLC*, 176 S.W.3d at 609 (citing *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex. 1977)). Pleading the effects of the "applicable oilfield anti-indemnity statute as determined by the Texas Supreme Court" is fair notice to Sonat that Cudd intended to take advantage of the provisions of the LOAIA.[13] There can be no question that the only anti-indemnity statute referenced by the Texas Supreme Court is the LOAIA, LA. REV. STAT. 9:2780. It was not necessary for Cudd to name the statute or to otherwise reference its number. The purpose of Rule 94 is to give the opposing party notice of the defensive issues to be tried. Cudd has set forth in its third amended answer all that is necessary to invoke the LOAIA affirmative defense. The mere fact that Cudd did not recite the name of the Act in its affirmative defense claiming the "effects" of the "oilfield anti-indemnity statute" does not result in a waiver of this affirmative defense.

Because Cudd raised the LOAIA as an affirmative defense in its third amended answer,[14] this pleading disposes of the issue of waiver.[15]

---

[13]This is especially true in light of the fact that the statute was quoted at length in the Texas Supreme Court's opinion. Even Cudd's fourth affirmative defense asserted in its second amended answer—that "Sonat's fault caused and/or contributed to the blowout and/or injuries and, thus, Sonat is precluded from seeking indemnity" provides fair notice that Cudd intended to rely on Sonat's negligence in an attempt to void the indemnity agreement, which is exactly what the LOAIA accomplishes.

[14]Cudd contends that even if this Court were only looking to the second amended answer to determine whether the LOAIA was properly asserted in this case, the affirmative defense pled would be sufficient. *See Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933 (Tex. 1992) (no requirement to plead affirmative defense of immunity when defense apparent

12

Cudd further maintains that the issue of whether it waived the LOAIA in its pleadings is irrelevant because the Texas Supreme Court remanded this case with the directive to apply Louisiana law. Because we find that Cudd affirmatively raised the LOAIA defense, we need not address the issue of whether the law of the case mandates the Act's application in the absence of a pleading asserting that defense.

Moreover, because we find the LOAIA defense was raised by Cudd, and was relied on by the trial court in entering summary judgment in its favor, the judgment of the trial court was correct. The trial court did not err in denying Sonat's cross-motion for summary judgment.

### B. Lumbermens' Repeated Interventions

Sonat claims Lumbermens was not a party in the trial court because the trial court struck its first petition to intervene, and that ruling applied as the "law of the case" to Lumbermens' second petition in intervention. Sonat further contends that even if Lumbermens was a party below, the trial court erred in failing to strike Lumbermens' second petition in intervention because Lumbermens could not satisfy the requirements of a traditional intervention.

---

from face of pleadings); *Phillips v. Phillips*, 820 S.W.2d 785 (Tex. 1991) (pertaining to defense of penalty); *Lewkowicz v. El Paso Apparel Corp.*, 625 S.W.2d 301, 303 (Tex. 1981) (defense of illegality apparent from face of pleadings need not be specifically pled); *Old Republic Sur. Co. v. Palmer*, 5 S.W.3d 357 (Tex. App.—Texarkana 1999, no pet.) (pertaining to defense of ambiguity).

[15]Sonat does not claim Cudd's third amended answer, filed on September 1, 2009, was untimely. The summary judgment in favor of Cudd issued on August 23, 2010. Sonat did not file a motion to strike Cudd's third amended answer.

The issue of whether Lumbermens became a party by virtue of its second Rule 60[16] intervention, after being struck on its first intervention motion, and the issue of whether the trial court erred in failing to strike the second petition in intervention are not germane to this appeal. The sole reason for Lumbermens' intervention was to ensure that the LOAIA defense was affirmatively raised on behalf of Cudd. Lumbermens' pleadings asserting this defense on behalf of its insured were superfluous, in light of the fact that Cudd raised the LOAIA defense on its own behalf. Moreover, a review of the judgment indicates that the trial court did not rely on Lumbermens' pleadings in reaching its decision. The judgment expressly states that it is based only on "the renewed Motion for Summary Judgment filed by Cudd Pressure Control, Inc., (herein Cudd) and Cross Motion for Summary Judgment submitted by Sonat Exploration Company (herein Sonat)," together with "**the April 9, 2010 stipulation by Sonat as to some fault relating to the blowout of the Otto Cummings No. 2-Alt. well located in Bienville Parish, Louisiana on October 24, 1998**." Even in the final summary judgment, Lumbermens is not mentioned.

Both parties have urged that this is not a jurisdictional defect and that the judgment is final and appealable. Once again, the entire purpose for Lumbermens' appearance in this case from the outset was to ensure the Louisiana anti-indemnity statute was alleged. We have found that Cudd's pleadings placed that issue before the court; the trial court resolved the matter based on the

---

[16]Rule 60 of the Texas Rules of Civil Procedure provides, "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. An intervenor is not required to secure the court's permission to intervene; the party who opposed the intervention has the burden to challenge it by a motion to strike. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *Prototype Mach. Co. v. Boulware*, 292 S.W.3d 169 (Tex. App.—San Antonio 2009, no pet.).

Louisiana anti-indemnity statute as alleged by Cudd; consequently, Lumbermens' additional pleading of the same issue added nothing. Even if Lumbermens could be considered a party, the only allegation it presented was duplicative of Cudd's and the trial court fully and completely resolved the case based on Cudd's pleading. Under these circumstances, we find that the disposition of this issue effectively disposed of Lumbermens as a party. *Kaigler v. Gen. Elec. Mortgage Ins. Corp.*, 961 S.W.2d 273, 276 (Tex. App.—Houston [1st Dist.] 1997, no writ) ("Issues and parties, however, are co-dependent: one could not exist without the other. If an order disposes of all issues in a case, then it necessarily disposes of all parties to a case, and vice versa."). We find the judgment is final and appealable, but we need not address whether the trial court erred in failing to strike the second petition for intervention, since Lumbermens' pleading was redundant, the trial court disposed of the only issue raised by Lumbermens, and Lumbermens' pleading had no effect on the judgment.

## IV. CONCLUSION

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     April 27, 2011
Date Decided:      May 9, 2011

15