**Affirmed and Memorandum Opinion filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00734-CV

---

## EP ENERGY E&P COMPANY, L.P. F/K/A EL PASO PRODUCTION, Appellant

## V.

## CUDD PRESSURE CONTROL, INC., Appellee

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2013-000617**

---

## M E M O R A N D U M   O P I N I O N

Appellant EP Energy E&P Company, L.P., sued appellee Cudd Pressure Control, Inc., for an alleged breach of a Rule 11 agreement entered into by the parties in a prior lawsuit. EP Energy contends that the trial court erred in granting summary judgment in favor of Cudd on EP Energy's breach of contract claim. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts and procedural background leading up to this appeal are well established in prior opinions. *See Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228 (Tex. 2008); *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718 (Tex. 2006); *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 340 S.W.3d 570 (Tex. App.—Texarkana 2011, no pet.); *Cudd Pressure Control, Inc. v. Sonat Exploration Co.*, 202 S.W.3d 901 (Tex. App.—Texarkana 2006), *aff'd*, 271 S.W.3d 228 (Tex. 2008). We recount only the facts and procedural background necessary to place the current dispute in context.

In May 1998, Sonat Exploration Company[1] and Cudd signed a Master Service Agreement to carry out oilfield services for Sonat's wells. The Master Service Agreement required the parties to indemnify each other for claims brought by each company's employees and also required that Cudd name Sonat as an additional insured on its insurance policies. In October 1998, a blowout occurred at one of Sonat's wells in Louisiana and killed seven workers, including four Cudd employees. Survivors of Cudd's employees sued Sonat in Texas[2] and Cudd refused to indemnify Sonat.

Sonat filed a cross-claim in Harrison County against Cudd for indemnity based on the Master Service Agreement, which later was severed to create a stand-alone action. Sonat also filed a separate lawsuit against Cudd in Harrison County for Cudd's failure to name Sonat as an additional insured on its insurance policies.

---

[1] Sonat, Inc., the parent company of Sonat Exploration Company, later merged with El Paso Energy Corporation in 1998 and was eventually renamed EP Energy E&P Company, L.P. This litigation was initiated by Sonat and is now being pursued by EP Energy, the same company. Any reference to Sonat is a reference to the appellant, EP Energy.

[2] Representatives of two Cudd employees sued Sonat in Harris County and representatives of a third Cudd employee sued Sonat in Harrison County.

Sonat settled the underlying personal injury suits brought by the survivors of Cudd's employees and pursued its indemnity suit against Cudd in Harrison County, in which "[o]ne of the issues presented was whether Texas or Louisiana law applied to the indemnity claim." *In re Lumbermens*, 184 S.W.3d at 721. The parties contended that the issue was "potentially dispositive because under Louisiana statutory law the MSA's indemnity provision was void, while under Texas law it was valid." *Id.* The trial court granted partial summary judgment in favor of Sonat in the indemnity suit; it held that "Texas law applied and Sonat was entitled to indemnity for the damages it had paid to settle the Cudd employees' lawsuits." *Id.* "The case went to trial on damages only, and the jury returned a $20.7 million verdict in Sonat's favor upon which the trial court rendered judgment" in conformity with the verdict. *Id.*

Cudd appealed to the Texarkana Court of Appeals and the parties entered into a Rule 11 agreement. The Rule 11 agreement between Sonat and Cudd stated, in relevant part, as follows:

> In the [indemnity suit], Cudd will not appeal the trial court's ruling that Texas law applies to the Master Service Agreement between Cudd and Sonat/El Paso and, in the event of remand, will not contend that any other state's laws apply to the MSA (nor will it so advocate in any other lawsuit between Sonat and Cudd arising out of the October 24, 1998 blowout); and

> Sonat/El Paso agree to dismiss, with prejudice, all breach of contract claims against Cudd (except the failure to defend/indemnify claims currently pending in [the indemnity suit]), in all actions (including No. 00-0775-1) and will not bring any such claims in the future against Cudd arising out of the October 24, 1998 blowout.

Following the Rule 11 agreement, Cudd refrained from arguing the choice-of-law issue on appeal. Sonat dismissed its separate Harrison County lawsuit predicated on Cudd's failure to name Sonat as an additional insured.

3

Choice of law nonetheless was litigated on appeal because Cudd's insurer, Lumbermens Mutual Casualty Company, intervened in the appeal and argued that Louisiana law applied to the Master Service Agreement. The Texas Supreme Court granted Lumbermens' writ of mandamus and allowed the intervention, holding that Lumbermens could raise the choice-of-law issue through the doctrine of virtual representation. *Id.* at 729. At this point, only Lumbermens was advocating for Louisiana law while Cudd remained silent on the issue.

After Lumbermens intervened in the indemnity case on appeal, the Texarkana Court of Appeals reversed the trial court's judgment in favor of Sonat and held that Louisiana law applied to the Master Service Agreement. *Cudd Pressure Control, Inc.*, 202 S.W.3d at 911. The Texas Supreme Court affirmed the holding that Louisiana law applied, and remanded to the district court in Harrison County "for further proceedings applying Louisiana law." *Sonat Exploration*, 271 S.W.3d at 238. In so doing, the Texas Supreme Court specifically referenced the Louisiana Oilfield Anti-Indemnity Act ("the Act"). *Id.* The parties agree that the Act, if applicable, makes the Master Service Agreement's indemnity provision unenforceable. *Id.*; *see* La. Rev. Stat. § 9:2780. In determining whether to render judgment in favor of Cudd on appeal or instead to remand for further trial court proceedings, the Texas Supreme Court stated that the Act would apply to foreclose Sonat's indemnity claim only if Sonat was found to be negligent or strictly liable—an issue that had not yet been determined. *Sonat Exploration*, 271 S.W.3d at 238. Accordingly, the supreme court remanded for further trial court proceedings. *Id.*

When the case was remanded to the district court in Harrison County, Cudd filed a motion for summary judgment arguing that the Act would render the Master Service Agreement's indemnity provision unenforceable if Sonat was found to be at fault for the fatal blowout.

4

Cudd then filed a third amended answer which included two new affirmative defenses. The first affirmative defense stated that "Cudd pleads the effects of the applicable oilfield anti-indemnity statute as determined by the Texas Supreme Court." The second affirmative defense also cited Louisiana law. For the purposes of that lawsuit, Sonat filed a stipulation in the trial court that it did bear some fault relating to the well blowout.

After this stipulation of fault, the district court in Harrison County applied the Act to the Master Service Agreement and granted Cudd's motion for summary judgment. The Texarkana Court of Appeals affirmed the trial court's judgment, holding that Cudd raised the Act as an affirmative defense and did not waive the defense. *Sonat Exploration*, 340 S.W.3d at 577.

EP Energy then sued Cudd for breach of contract in Harris County. According to EP Energy's allegations, Cudd breached its Rule 11 agreement to refrain from contending that "any other state's laws apply to the MSA" when Cudd added affirmative defenses in its third amended answer in the Harrison County indemnity suit. Both parties moved for summary judgment. The trial court granted Cudd's traditional motion for summary judgment and denied EP Energy's cross-motion for summary judgment; in so doing, the trial court determined that Cudd had not breached the Rule 11 agreement. EP Energy now challenges this determination in the present appeal.

## STANDARD OF REVIEW

We review a trial court's grant of summary judgment de novo. *NuStar Energy, L.P. v. Diamond Offshore Co.*, 402 S.W.3d 461, 465 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The movant for a traditional summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When both sides

5

move for summary judgment and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010).

## ANALYSIS OF APPELLANT'S ISSUE

In its sole issue on appeal, EP Energy contends that the trial court erred in granting summary judgment in favor of Cudd and denying EP Energy's cross-motion for summary judgment because Cudd's litigation conduct breached the Rule 11 agreement with respect to choice of law.

A party may seek to enforce a Rule 11 agreement under contract law. *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). To prevail on a breach of contract claim, a party must show: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A breach of contract occurs when a party fails or refuses to do something he has promised to do. *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

It is undisputed that the parties entered into a valid Rule 11 agreement. Rule 11 agreements are "contracts relating to litigation." *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 914 (Tex. App.—Austin 2010, no pet.). The parties signed this agreement and filed it with the district court in Harrison County. It is also undisputed that EP Energy performed under this agreement by dismissing its separate breach of contract suit against Cudd predicated on Cudd's failure to name

6

Sonat as an additional insured on Cudd's insurance policies. Therefore, the only issues to be decided are whether Cudd breached the Rule 11 agreement, and if so, whether EP Energy was damaged as a result of the breach. For purposes of this appeal, we assume Cudd breached the Rule 11 agreement by pleading affirmative defenses referencing Louisiana law.

To recover damages for a breach of contract, a plaintiff must show it suffered a pecuniary loss as a result of the breach. *S. Elec. Servs., Inc. v. City of Houston*, 355 S.W.3d 319, 324 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). Actual damages must be the "natural, probable, and foreseeable consequence of the defendant's conduct." *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex. 1981). A plaintiff may not recover damages if they are remote, contingent, speculative, or conjectural. *S. Elec. Servs., Inc.*, 355 S.W.3d at 324. Therefore, the lack of a causal connection between the breach of contract and damages will preclude recovery. *Clearview Props., L.P. v. Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 139–40 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding that plaintiff's actions caused its damages, rather than the defendant's actions).

EP Energy asserts that it suffered damages in the amount of $20,719,166.74 as a result of Cudd pleading the Act as an affirmative defense in the Harrison County suit. EP Energy alleges that by pleading the Act on remand, Cudd breached the express terms of the Rule 11 agreement. According to EP Energy, if Cudd did not plead the Act as an affirmative defense, then Cudd would have waived the defense and the court would have granted EP Energy's summary judgment as a matter of law because its indemnity agreement with Cudd would have been enforceable. EP Energy argues that, as a result, it suffered damages of $20,719,166.74, the amount awarded by the jury in 2001 for Cudd's failure to indemnify EP Energy.

7

In response, Cudd argues that there is no causal connection between its alleged breach and EP Energy's claimed damages because the Harrison County district court was obligated to apply the Act in accordance with the Texas Supreme Court's decision in *Sonat Exploration*. Thus, according to Cudd, pleading the Act as an affirmative defense did not cause the district court in Harrison County to deny EP Energy's motion for summary judgment. We agree with Cudd.

In granting Cudd's motion for summary judgment in the indemnity suit, the Harrison County district court stated: "In said Remand the Texas Supreme Court directed this court to conduct '. . . [further] proceeding[s] applying Louisiana Law.'" The Louisiana law referenced in the Texas Supreme Court's decision was the Act. *See Sonat Exploration*, 271 S.W.3d at 238. The Harrison County district court then applied the Act and concluded that the Master Service Agreement's indemnity provision was invalid because EP Energy stipulated to its own fault. The district court's judgment expressly stated that it was applying the Act in accordance with the Texas Supreme Court's decision in *Sonat Exploration*.[3]

The Texas Supreme Court's ruling on the application of the Act became the law of the case; therefore, the Harrison County district court was required to apply the Louisiana statute to the Master Service Agreement if it found EP Energy was at fault. The "law of the case" doctrine provides that questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent

---

[3] It is also important to note that throughout all stages of this litigation, every court that has examined the choice-of-law issue was fully aware of the existence of the Rule 11 agreement. These courts have considered the choice-of-law issue raised by Lumbermens, despite knowing that the Rule 11 agreement prevented Cudd from pleading it on appeal or remand. *See Sonat Exploration*, 271 S.W.3d at 237 ("We understand Sonat's complaint that it is unfair to let Cudd escape the burden of its Rule 11 agreement while Sonat cannot. . . . In some circumstances, such agreements are against public policy and unenforceable."); *In re Lumbermens*, 184 S.W.3d at 728 (allowing Lumbermens to raise the choice-of-law issue because the Rule 11 agreement may have allowed Cudd to "foist[] liability for uninsured claims onto its insurer").

stages. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). The law of the case doctrine only applies to questions of law and not questions of fact. *Id*. When the Texas Supreme Court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue. *Id*. A reviewing court may not again decide any matter that was in effect disposed of on a former appeal or mandamus to that court. *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264, 268 (Tex. App.—Dallas 1994, no writ).

EP Energy contends that the Texas Supreme Court mandated only that the district court in Harrison County apply Louisiana law, rather than the Act. Accordingly, EP Energy argues that if Cudd did not plead the Act as an affirmative defense, the district court would have not considered the Act, and would have held that the indemnity provision of the Master Service Agreement was enforceable under Louisiana law. In response, Cudd asserts that under the law of the case doctrine, the district court in Harrison County was required to apply the Act as raised by Lumbermens and mandated by the Texas Supreme Court, whether or not Cudd pleaded it as an affirmative defense.

In interpreting the mandate of an appellate court, the court should look not only to the mandate itself, but also to the opinion of the court. *Hudson*, 711 S.W.2d at 630. In determining whether Louisiana or Texas law would apply to the Master Service Agreement, the Texas Supreme Court cited only one indemnity-related Louisiana law in its opinion, the Act. *Sonat Exploration*, 271 S.W.3d at 238; *see also* La. Rev. Stat. § 9:2780(B).[4] The court specifically held that the Act would only apply if EP Energy was negligent or strictly liable, a finding that had not been

---

[4] The Texarkana Court of Appeals also recognized that the Act was the only anti-indemnity statute cited by the Texas Supreme Court. *See Sonat Exploration*, 340 S.W.3d at 577 ("There can be no question that the *only* anti-indemnity statute referenced by the Texas Supreme Court is the LOAIA, La. Rev. Stat. 9:2780.") (emphasis added).

made at that point but that EP Energy later supplied by stipulation. *Sonat Exploration,* 271 S.W.3d at 238 ("[N]either the trial court nor the jury found Sonat negligent or strictly liable, and without such a finding the plain terms of Louisiana's law do not appear to apply."). The court then quoted the Act in its entirety and remanded the case for "further proceedings applying Louisiana law." *Id.* Thus, the opinion reflects that the Act would invalidate the Master Service Agreement, but only if EP Energy was at fault. The court's mandate stated that the case was "remanded to the trial court for further proceedings consistent with this Court's opinion."

When viewing both the opinion and the mandate, it is clear that the Texas Supreme Court remanded the case with instructions to apply the Act, not merely Louisiana law in general, if the trial court found that EP Energy was negligent or strictly liable. *See Int'l Fid. Ins. Co. v. State*, No. 14-98-00324-CR, 2000 WL 729384, at *1 (Tex. App.—Houston [14th Dist.] June 8, 2000, pet. ref'd) (not designated for publication) ("The [law of the case] doctrine applies to implicit holdings, *i.e.*, conclusions that are logically necessary implications of positions articulated by the court, as well as explicit ones."). Although the court's mandate did not explicitly direct the trial court to apply the Act, it is implicit from the court's opinion. The only issue left to be determined by the district court upon remand was whether EP Energy was negligent or strictly liable. *See Lifshutz v. Lifshutz*, 199 S.W.3d 9, 20 (Tex. App.—San Antonio 2006, pet. denied) (holding that "the alter ego finding on remand was precluded by the law of the case and the scope of the remand"). The legal question of which law applied to the Master Service Agreement was fully litigated by the parties and determined by the Texas Supreme Court in *Sonat Exploration*. Thus, the law of the case doctrine prohibited re-litigation of this issue on remand, and the trial court did not have discretion to

10

refuse to apply the Act once EP Energy stipulated to its fault. *See Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (holding that the trial court abuses its discretion if it declines to follow the mandate of the Texas Supreme Court); *City of Mission v. Cantu*, 89 S.W.3d 795, 809 n.21 (Tex. App.—Corpus Christi 2002, no pet.) ("[W]e are bound to follow the expression of the law as stated by the Texas Supreme Court.").

Further, we recognize that the law of the case doctrine does not apply if (1) the earlier holding is clearly erroneous, or (2) the later stage of litigation presents different parties, different issues, or more fully developed facts. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716−17 (Tex. 2003); *see also Hudson*, 711 S.W.2d at 630. However, these exceptions do not apply here because no party asserts that the court's holding in *Sonat Exploration* was erroneous, and the issue upon remand remained the same. *See Hudson*, 711 S.W.2d at 630 ("[T]he doctrine does not necessarily apply when either the issues or the facts presented at successive appeals are not substantially the same as those involved on the first trial.").

When the case was remanded to the district court in Harrison County, the parties remained the same, the issues remained the same, and the facts did not substantially change. Although Cudd amended its pleadings to add the Act as an affirmative defense, this did not substantially change the issue before the court because the Texas Supreme Court had already determined that the Master Service Agreement would be unenforceable under the Act if EP Energy was negligent or strictly liable. *See id.* (holding that when a party amends its pleadings, it may be that the issues or facts have sufficiently changed so that the law of the case no longer applies). Even if Cudd waived the Act as an affirmative defense, the law of the case provided that the district court was required to apply the Act if it found

that EP Energy was negligent or strictly liable. Therefore, because the Texas Supreme Court mandated that the district court in Harrison County apply the Act, Cudd's pleading the Act did not cause EP Energy to suffer damages of $20,719,166.74, the amount awarded by the jury in 2001 for Cudd's failure to indemnify EP Energy.

We also note that the policy behind the law of the case doctrine supports holding that the district court was required to apply the Act. The doctrine operates to narrow the issues in successive stages of litigation and to achieve uniformity of decisions and judicial economy. *Id.* The doctrine is based on public policy and is aimed at putting an end to litigation. *Id.*; *Barrows v. Ezer*, 624 S.W.2d 613, 617 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ). In applying the Act, the district court stated that "this matter has arrived before the Court following a lengthy odyssey through the Texas Appellate Courts System; with the last stop and direction in the odyssey being a Remand to this Court from the Supreme Court of Texas." Accepting EP Energy's argument that the district court could apply anything other than the Act would frustrate the public policy behind the law of the case doctrine.

EP Energy further argues that the law of the case doctrine should not apply because Cudd already had breached the Rule 11 agreement prior to the Texas Supreme Court's decision in *Sonat Exploration*. EP Energy asserts that Cudd's first amended answer was the active pleading before the Texas Supreme Court and it pleaded the Act as an affirmative defense. However, this argument was already addressed by the Texarkana Court of Appeals, which held that Cudd did not violate the Rule 11 agreement because "counsel scrupulously avoided even the barest mention of the choice-of-law issue." *Cudd Pressure Control, Inc.*, 202 S.W.3d at 911. The court held that only Lumbermens raised the choice-of-law issue because

the Texas Supreme Court allowed them to do so. *Id.*

EP Energy also asserts that Cudd should be collaterally estopped from claiming that it did not breach the Rule 11 agreement. Collateral estoppel issues concern only whether (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, and (2) those facts were essential to the judgment in the first action. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 519 (Tex. 1998). However, we need not make this determination here because collateral estoppel applies to fact issues and choice of law is a question of law. *See Jenkins v. Entergy Corp.*, 187 S.W.3d 785, 807 n.21 (Tex. App.—Corpus Christi 2006, pet. denied).

We overrule EP Energy's issue regarding its breach of contract claim.

## CONCLUSION

We hold that the trial court did not err by granting Cudd's motion for summary judgment and denying EP Energy's cross-motion, and we affirm the judgment of the trial court.


/s/    Ken Wise
Justice



Panel consists of Justices Boyce, Busby, and Wise.